UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RANDI L. VASQUEZ, | ) | Case No. 23-12045-BFK |
| MUSTAFA IBRAHIM, | ) | Case No. 24-10575-BFK |
| MAGGIE LUZ VILLAROEL, | ) | Case No. 24-10355-BFK |
| | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |

**MEMORANDUM OPINION AND
ORDER: (A) DENYING TRUSTEE'S MOTION
TO DISMISS AND SUSTAINING PLAN OBJECTION
IN VASQUEZ; (B) GRANTING TRUSTEE'S
MOTION TO DISMISS IN IBRAHIM; AND
(C) DENYING TRUSTEE'S MOTION TO DISMISS
AND SUSTAINING PLAN OBJECTION
IN VILLAROEL**

This matter comes before the Court on the Chapter 13 Trustee's Motion to Dismiss these three bankruptcy cases. *In re Vasquez*, 23-12045-BFK, Docket No. 13; *In re Ibrahim*, 24-10575-BFK, Docket No. 17; *In re Villaroel*, 24-10355-BFK, Docket No. 18. Ms. Vasquez and Mr. Ibrahim are represented by the same counsel. Ms. Villaroel is represented by separate counsel. In the *Vasquez* and *Ibrahim* cases, the Debtors filed Memoranda of Law opposing the Motions to Dismiss. *Vasquez*, Docket No. 33; *Ibrahim*, Docket No. 21. In *Villaroel*, the Debtor did not file a Memorandum of Law, but adopted the arguments made by counsel in the *Vasquez* and *Ibrahim* cases.

The three cases, although factually distinguishable, all involve the same legal issue: to what extent are debtors, who are ineligible to file for Chapter 7 relief because they received a discharge under Chapter 7 within the past eight years, eligible to file for Chapter 13, consistent with the good faith standard enunciated in Bankruptcy Code Sections 1325(a)(7) (requiring, for

1

purposes of plan confirmation, that "the action of the debtor in filing the petition was in good faith") and 1325(a)(3) (requiring that "the plan has been proposed in good faith and not by any means forbidden by law")?

For the reasons stated below, the Court concludes that: (a) in *Vasquez,* the Trustee's Motion to Dismiss will be denied; (b) in *Ibrahim*, the Trustee's Motion to Dismiss will be granted; and (c) in *Villaroel*, the Trustee's Motion to Dismiss will be denied.

**Findings of Fact**

The Court makes the following findings of fact:

A.  *Vasquez, 23-12045-BFK.*

1.  Ms. Vasquez filed a Voluntary Petition under Chapter 13 with this Court on December 14, 2023. Docket No. 1. She works as a Quality Document Scribe at Microsoft/Nuance. *Id*. at p. 39. Her husband works in User Support for a law firm in the District of Columbia. *Id.* She previously filed a joint Voluntary Petition under Chapter 7 in this Court's Richmond Division on June 12, 2017. Case No. 17-33019-KRH. The Trustee filed a Report of No Distribution, she received her discharge, and the case was closed. *Id*. at Docket Nos. 11, 12, 14. As a result, she is not eligible to file for Chapter 7 again until June 2025, eighteen (18) months into this case.

2.  In her Schedules, Ms. Vasquez listed no ownership interest in real property. Case No. 23-12045-BFK, Docket No. 1, p. 10. She owns a 2022 Honda Pilot with a stated value of $40,000.00, and a lien in the amount of $42,825.00. *Id*. at p. 25. She owes no arrearages on the car loan. Docket No. 11, ¶ 6(A). She owes $970.42 in a priority tax claim to Prince William County, Virginia. Docket No. 1, p. 27. She listed $8,540.00 in nonpriority unsecured debts and

2

$40,976.00 in student loans, which are presumptively non-dischargeable under Bankruptcy Code Section 523(a)(8). *Id*. at pp. 28-36.

3. Ms. Vasquez stated that she has $424.43 in monthly net income, but this includes $400 in "help from mom." *Id*. at pp. 41, 45.

4. Ms. Vasquez's Amended Chapter 13 Plan provides that she will pay the Trustee $260.00 per month for 32 months, for an estimated distribution to her unsecured creditors of 4%. Docket No. 31, ¶¶ 2, 5(A).

5. Her counsel has charged her the Court's standard "no-look" fee of $6,339.00, of which $4,529.00 remains due and owing. *Id*. at ¶ 3(A)(2). Although the Amended Plan states that counsel's fees will be paid "concurrently with or prior to the payments to the remaining creditors," counsel advised the Court at the hearing in this case that he would subordinate his fees for the first seventeen months of the case, that is, until she is eligible to file for Chapter 7 again. *Id*.

6. At the hearing, Debtor's counsel proffered, without objection, that Ms. Vasquez is a single mother with two children. She receives child support, and she has remarried. Her husband is employed, but has child support obligations.

B. *Ibrahim*, 24-10575-BFK.

7. Mr. Ibrahim filed a Voluntary Petition under Chapter 13 with this Court on March 26, 2024. Docket No. 1. Mr. Ibrahim works as a painter and a handyman. Docket No. 12, p. 29. He also earns income from Door Dash and Amazon. *Id.* at 28.

8. He previously filed a Chapter 7 Petition in this Court on July 18, 2018. Case No. 18-12514-KHK. The Chapter 7 Trustee filed a Report of No Distribution, Mr. Ibrahim received a

3

discharge, and the case was closed. *Id*. at Docket Nos. 9, 11, 13. He is not eligible to file for Chapter 7 until July 2026, twenty-eight (28) months into this case.

9. Mr. Ibrahim does not own a home. Case No. 24-10575-BFK, Docket No. 12, p. 1. He owns a 2016 Chrysler Town & Country, with an estimated value of $5,000.00 and a lien in the amount of $10,409.00. *Id*. at p. 13. There are no arrearages due and owing on the Debtor's auto loan. Docket No. 13, p. 5. He has $39,216.00 in nonpriority, unsecured debt, plus $7,843.00 in student loan debt, which is presumptively nondischargeable under Bankruptcy Code Section 523(a)(8). Docket No. 12, p. 23. He has monthly net income in the amount of $242.00. *Id.* at p. 32.

10. Mr. Ibrahim's Plan would require him to make payments to the Trustee in the amount of $242.00 per month for 36 months, for an expected distribution to the unsecured creditors of 9%. Docket No. 13, ¶¶ 2, 5(A).

11. Counsel represented to the Court, without objection, that Mr. Ibrahim's income was adversely affected during the Covid pandemic. Counsel also stated that he "might" owe child support arrearages in Pennsylvania, which will present a feasibility problem in the confirmation of any Plan.[1]

12. Counsel has charged Mr. Ibrahim a "no-look" fee in the amount of $5,637.00, of which he has been paid $1,497.00 (plus the $313.00 filing fee). Docket No. 13, ¶ 3(A)(2). Debtor's counsel has not agreed to subordinate his fees in this case.

C. *Villaroel, 24-10355-BFK.*

13. Ms. Villaroel filed a Voluntary Petition under Chapter 13 with this Court on February 28, 2024. Docket No. 1. She works as a Senior Teller at Citibank. Docket No. 12, p. 6.

---

[1] Mr. Ibrahim stated "no" in response to the question on his Schedule E/F of whether he owed any priority debt, which would include child support arrearages. Docket No. 12, p. 15.

4

14.     She previously filed a Voluntary Petition under Chapter 7 with this Court, on February 14, 2017. Case No. 17-10460-BFK. The Chapter 7 Trustee filed a Report of No Distribution, she received her discharge, and the case was closed. *Id*. at Docket Nos. 14, 18, 20. She is not eligible for a Chapter 7 discharge until February 2025, six months into this case.[2]

15.     Ms. Villaroel does not own any real property. Case No. 24-10355-BFK, Docket No. 13, p. 15. She owns a 2009 Nissan Versa valued at $2,500.00, with no liens. *Id*. at pp. 16, 27. She has no priority debt. *Id*. at p. 29. She has listed $16,688.96 in unsecured claims. *Id*. at p. 35. She states that she has $200.97 in monthly net income. *Id.* at p. 42.

16.     Her Chapter 13 Plan would require her to pay $200.00 for six months, $230.00 for four months, and $266.00 for twenty-six months, which would pay the unsecured creditors an estimated distribution of 32%. Docket No. 12, ¶¶ 2, 5(A).

17.     Counsel was paid $1,000.00 of a total fee of $3,839.00. Id. at ¶ 3(A)(2).

18.     Although the Plan does not so state, counsel represented at the hearing that she would be willing to subordinate her fees through February 2025.

19.     Counsel represented at the hearing, again without objection, that in addition to her job, Ms. Villaroel takes care of her 87-year-old mother.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

I.      **Good Faith and the Court's Previous Decision in Hernandez.**

---

[2] She also received a Chapter 7 discharge in December 2007. Case No. 07-12401-RGM, Docket No. 11.

5

Bankruptcy Code Section 1325(a)(7) requires that, in order to achieve plan confirmation, the debtor must demonstrate that "the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(7). Bankruptcy Code Section 1325(a)(3) further requires that the Debtor propose a Plan in good faith. 11 U.S.C. § 1325(a)(3). "A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan . . . ." *Deans v. O'Donnell (In re Deans),* 692 F.2d 968, 972 (4th Cir. 1982) (citing 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978)). The Fourth Circuit has held that a non-exclusive list of factors might include:

> [N]ot only the percentage of proposed repayment, but also the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor.

*Id.*

The Debtors in each of these cases are not accused of any improper conduct such as concealing assets or misrepresenting their income in their Schedules. The issue is whether the Debtors have filed their cases and have proposed their Chapter 13 Plans in good faith. Each of the Debtors is not eligible for a Chapter 7 discharge, having received a Chapter 7 discharge within the eight years preceding the filing of their cases. 11 U.S.C. § 727(a)(8). They are, however, each eligible for a Chapter 13 discharge, because more than four years have elapsed since the filing of their previous Chapter 7 cases. 11 U.S.C. § 1328(f)(1). Counsel for the Debtors in the *Vasquez* and *Ibrahim* cases describes this scenario as "four-year window cases," or "gap cases."[3]

---

[3] The Fourth Circuit has held that Section 1328(f) requires a "filing date to filing date" analysis. *In re Bateman*, 515 F.3d 272, 276 (4th Cir. 2008).

The undersigned has addressed this issue in an unpublished decision. *In re Hernandez*, 20-11484-BFK, Docket No. 22 (Order Granting Trustee's Motion to Dismiss). In *Hernandez,* the debtor similarly was ineligible to file for Chapter 7 because he received a discharge within the previous eight years. *Id.* at p. 1. The Court first noted that a "Chapter 20" case, that is, a Chapter 7 followed by a Chapter 13, is not per se impermissible. *Id.* at pp. 5-6 (citing Johnson v. Home State Bank, 501 U.S. 78, 87 (1991) and *In re Davis,* 716 F.3d 331 (4th Cir. 2013)).[4] The Court held, however, that Mr. Hernandez's petition was an abuse of the spirit and purpose of Chapter 13. *Id.* at p. 7. Mr. Hernandez had no secured debt and no mortgage arrearages. *Id*. His "only purpose," the Court held, was to gain the benefit of the automatic stay until he was eligible for another Chapter 7 discharge. *Id.* This, the Court held, "would do considerable violence to Congress's clear proscription on filing for Chapter 7 relief before eight years have passed since the Debtor's last Chapter 7 filing." *Id.* The Court was concerned in *Hernandez*, and is concerned in these three cases, with respect for two Congressional mandates: on the one hand, Congress has provided that Chapter 7 discharges are not available for eight years after a previous Chapter 7 discharge. On the other hand, Congress has provided that a Chapter 13 discharge is available four years after a Chapter 7 discharge. The good faith issue involves a determination of whether debtors are abusing the former rule while taking advantage of the latter – in laymen's terms, whether they are "parking" themselves in Chapter 13, with the benefit of the automatic stay and minimal financial obligations in their Plans, until the eight years has passed,  when they can  file for another Chapter 7 discharge.

This is not a situation, for example, where the Debtors are ineligible for Chapter 13 discharges; all three Debtors are eligible for Chapter 13 discharges. *See In re Beasley*, 2011 WL

---

[4] In *Davis*, the debtor was not eligible for a Chapter 13 discharge because less than four years had elapsed since his discharge in Chapter 7.

4498942, at *3 (Bankr. N.D. Ala. Sept. 27, 20111) ("A financial fresh start in this case is beyond the Debtors' reach; they can only bide their time and enjoy temporary protection from creditors under chapter 13 until the 4–year chapter 7 waiting period has expired—a luxury Congress never intended when it added § 1328(f)(1) to the Code"); *In re Gaddis*, 2011 WL 11709211, at *2 (Bankr. N.D. Ala. June 20, 2011) ("with the enactment of BAPCPA, and specifically § 1328(f)(1), most chapter 13 debtors are now prohibited from seeking relief under chapter 13 until the 4–year bar from discharge required by § 1328(f)(1) is satisfied; especially debtors who have incurred substantial post-chapter 7 debts and whose principal purpose for seeking chapter 13 relief is not to cure mortgage arrears that were left over after a recently granted chapter 7 discharge.") In fact, the Fourth Circuit specifically rejected the idea in *Bateman* that ineligibility for a Chapter 13 discharge constituted bad faith, *per se*. 515 F.3d at 283 ("a Chapter 13 debtor may not always be motivated by the availability of a discharge, so courts would be wrong to impute bad faith to a Chapter 13 petitioner simply because discharge was unavailable.") Other courts have been accepting of Chapter 13 Plans where debtors are in their "gap" period, i.e., more than four years but less than eight have elapsed, since their Chapter 7 discharges. *See In re Lavilla*, 425 B.R. 572 (Bankr. E.D. Cal. 2010); *In re Molina*, 420 B.R. 825 (Bankr. D. N.M. 2009).

Two of these cases, *Vasquez* and *Villaroel*, with the attorneys agreeing to subordinate their fees, are the polar opposite of the "fee only" cases. *See In re Sanchez*, 2009 WL 2913224, at *2 (Bankr. D.N.M. May 19, 2009) ("Debtors are not currently eligible to receive a Chapter 7 discharge and their proposed plan will only pay attorneys' fees, albeit not even all of those"); *In re Paley*, 390 B.R. 53, 59 (Bankr. N.D.N.Y. 2008) ("A plan whose duration is tied only to

8

payment of attorney's fees simply is an abuse of the provisions, purpose, and spirit of the Bankruptcy Code.")

All three of these cases share certain common facts: none of the Debtors have mortgage arrearages so none of them are trying to save their homes, the most common reason for filing for Chapter 13 relief. None of the Debtors have priority tax debt, another common reason to file for Chapter 13 (other than $970.42 in the case of Ms. Vasquez, but she paid her counsel almost double that amount to file her case). Each Debtor is ineligible to file for Chapter 7 for some period of time, but is eligible for a Chapter 13 discharge. Each Debtor argues that he or she needs the protection of the Bankruptcy Court because creditors can garnish up to 25% of their disposable earnings.[5]

As the Fourth Circuit noted in the *Bateman* and *Deans* cases, each case must rise or fall on its own facts. The Court, therefore, will examine the facts of each case, below.

## II. Application of the Good Faith Standard.

The Court will address the good faith requirement in each of the three pending cases.

A.   *Vasquez*, 23-12045-BFK.

Ms. Vasquez does not owe any mortgage arrearages, arrearages on a car loan, nor any tax debt. She owes a priority claim in the amount of $970.42, but she paid her counsel approximately twice that amount to file the case. The great majority of her debt is student loan debt, which is presumptively non-dischargeable under Bankruptcy Code Section 523(a)(8). Even if she were eligible to file for Chapter 7 today, she would presumptively not be able to discharge the student loan debt. *See In re Frushour*, 433 F.3d 393, 400 (4th Cir. 2005) (adopting the rationale of *Brunner v. New York State Higher Educ. Servs. Corp.,* 831 F.2d 395 (2nd Cir. 1987)).

---

[5] *See* Va. Code § 34-29(a)(1). The 25% limit is a per-garnishment cap on the amount of wages that can be withheld, so debtors can be subjected to multiple garnishments at the same time.

She proposes to pay $250.00 per month for four months, and $260.00 for thirty-two months, for an estimated distribution to her unsecured creditors of 4%. Docket No. 31, ¶¶ 2, 5(A). In *Deans*, the Fourth Circuit held that Chapter 13 does not require substantial repayment to unsecured creditors. 692 F.2d at 972. Rather, "substantiality of proposed repayment is but one factor to be considered in deciding if a plan has been proposed in good faith; a court must make its determination based on all militating factors." *Id.*

The Court is encouraged that counsel is willing to subordinate his fees for the first seventeen months of the case, thereby ensuring that the unsecured creditors receive something on their claims before he is paid, and more importantly, before the Debtor is eligible to take a voluntary dismissal of her case (*See* 11 U.S.C. § 1307(b)) and file for Chapter 7 to discharge her remaining debts.

On balance, the Court finds that Ms. Vasquez has filed her case, and her Plan, in good faith. The Court will deny the Trustee's Motion to Dismiss.[6]

B.    *Ibrahim*, 24-10575-BFK.

Mr. Ibrahim also has no mortgage arrearages, no car payment arrearages, and no priority tax debt. His Plan calls for him to pay $242.00 per month for 36 months, for an expected distribution to the unsecured creditors of 9%. Docket No. 13, ¶¶ 2, 5(A).

Importantly, counsel in this case has not agreed to subordinate his fees for any period of time. The Court is not left with the same optimism that it has expressed in the *Vasquez* case, above.

---

[6] The Court also took under advisement the Trustee's Objections to the Debtors' Amended Plan. Docket Nos. 32, 36. The Court will sustain the Trustee's Objections to the Debtor's Amended Plan because the Plan does not accurately state counsel's agreement to subordinate his fees. Confirmation will be denied with leave to amend within 21 days. Alternatively, the Trustee may submit a Confirmation Order with counsel for the Debtor's endorsement, reflecting the subordination of his fees.

The Debtor argues that, by the time he is eligible to file for Chapter 7, he'll be 28 months into the Plan, with only 8 months left to pay $242 per month, or $1,936.00, to complete his Plan and receive a Chapter 13 discharge. This case, however, is more like the *Hernandez* case, where the Debtor had no reason to be in Chapter 13 other than to gain the benefit of the automatic stay. In the meantime, his creditors are being asked to wait 28 months before they see any funds, at which time Mr. Ibrahim will be free to dismiss his case and file for Chapter 7.

The Debtor argued that his business was adversely affected by Covid, but he did not present any evidence of his income during the Covid years. He does not claim that he contracted Covid and was unable to work for any period of time. His allusion to Covid was too vague for the Court to rely on, for purposes of the good faith test.

Finally, counsel's representation at the hearing that Mr. Ibrahim may owe child support was inconsistent with his Schedule E/F. This is one factor that weighs against the Debtor in the good faith analysis.

On balance, the Court finds that Mr. Ibrahim's case was not filed in good faith. The Court will grant the Trustee's Motion to Dismiss.

C.    *Villaroel*, 24-10355-BFK.

Once again, Ms. Villaroel does not have any mortgage arrearages, car loan arrearages or priority tax debt. She is eligible to seek a dismissal of her Chapter 13 case and to file for Chapter 7 only six months into this case. Her Plan calls for her to pay a 32% dividend to her creditors, which is not insignificant. Her counsel is willing to subordinate her fees for the first six months of the case.

On balance, the Court finds that this case is not an abuse of the bankruptcy system. The Court will deny the Trustee's Motion to Dismiss.[7]

## Conclusion

It is therefore **ORDERED**:

A. In the *Vasquez* case, the Trustee's Motion to Dismiss (Case No. 23-12045-BFK, Docket No. 13) is denied.

B. In the *Vasquez* case, the Court sustains the Trustee's Objections to the Debtor's Amended Plan (Docket No. 32). Confirmation will be denied with leave to amend within 21 days. Alternatively, the Trustee may submit a Confirmation Order with counsel for the Debtor's endorsement, reflecting the subordination of his fees.

C. In the *Ibrahim* case, the Trustee's Motion to Dismiss (Case No. 24-10575-BFK, Docket No. 17) is granted.

D. In the *Villaroel* case, the Trustee's Motion to Dismiss (Case No. 24-10355, Docket No. 18) is denied.

E. In the *Villaroel* case, the Court sustains the Trustee's Objections to the Debtor's Amended Plan (Docket No. 17). Confirmation will be denied with leave to amend within 21 days. Alternatively, the Trustee may submit a Confirmation Order with counsel for the Debtor's endorsement, reflecting the subordination of her fees.

F. The Clerk will mail a copy of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

---

[7] The Court also took under advisement the Trustee's Objections to the Debtors' Amended Plan. Docket Nos. 17, 27. The Court will sustain the Trustee's Objections to the Debtor's Amended Plan because the Plan does not accurately state counsel's agreement to subordinate her fees. Confirmation will be denied with leave to amend within 21 days. Alternatively, the Trustee may submit a Confirmation Order with counsel for the Debtor's endorsement, reflecting the subordination of her fees.

Date: Jul 9 2024

Alexandria, Virginia

/s/ Brian F Kenney

The Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: Jul 10 2024

Copies to:

Randi L. Vasquez
4224 Ashmere Cir.
Dumfries, VA 22025
*Chapter 13 Debtor*

Mustafa Ibrahim
6905 Gilbert St.
Springfield, VA 22150
*Chapter 13 Debtor*

Robert R. Weed
13800 Coppermine Rd.
Herndon, VA 20171
*Counsel for Randi L. Vasquez
and Mustafa Ibrahim*

Maggie Luz Villarroel
4414 Island Pl. Apt. 101
Annandale, VA 22003
*Chapter 13 Debtor*

Tommy Andrews, Jr.
122 North Alfred St.
Alexandria, VA 22314
*Counsel for Maggie Luz Villaroel*

Thomas P. Gorman
1414 Prince St., Ste. 202
Alexandria, VA 22314
*Chapter 13 Trustee*

Gerard R. Vetter
1725 Duke Street, Suite 650
Alexandria, VA 22314
*U.S. Trustee*